GRIFFIS, J.,
for the Court.
¶ 1. Alfred Davis Hicks pled guilty to two counts of the sale of cocaine. While on probation, Hicks violated several terras of his probation agreement. Hicks’s probation was revoked, and the suspended portion of his sentence was reinstated. The circuit court denied Hicks’s motion for post-conviction relief, and Hicks now perfects his appeal. Finding no error, we affirm.
FACTS
¶2. Alfred Davis Hicks was a juvenile when he was arrested for selling cocaine. The youth court certified Hicks as an adult and transferred jurisdiction to the circuit court. Thereafter, Hicks was indicted on four counts for the sale of cocaine. Hicks pled guilty to two counts and the "other two counts were dismissed as part of his plea agreement. He was sentenced to twelve years on one charge and thirty years on the other charge, with eighteen suspended and five years of probation. The sentences were to run concurrently.
¶3. Hicks was paroled and placed on probation. While on probation, Hicks tested positive for cocaine, fell behind in his fine payments, failed to show proof of gainful employment, was arrested for shoplifting, and was arrested for strong-armed robbery. A petition to revoke Hicks’s probation was filed, and the circuit court conducted a revocation hearing. Based on the evidence presented, the circuit court revoked Hicks’s probation and reinstated the suspended portion of his sentence.
¶ 4. Hicks filed a motion for post-conviction relief on the revocation order. Hicks claims the circuit court erred by accepting his guilty pleas when it did not have jurisdiction, that his probation was unlawfully revoked, and that he was denied effective assistance of counsel.
ANALYSIS

I. Whether the lower court erred in accepting Hicks’s guilty plea because it lacked jurisdiction.

¶ 5. Hicks alleges that the circuit court erred in accepting his guilty plea because the offenses occurred prior to his eighteenth, birthday. Hicks claims that the indictment was served in 1993 while he was in the county jail on a misdemeanor charge. Hicks claims he was later told that the indictments were dismissed. Hicks also alleges that, in January or February of 1994, the youth court held a transfer hearing for the charges of sale of cocaine that he believed had been dis-piissed.
¶ 6. Hicks asserts that any proceedings to prosecute him must have been in accordance with the youth court statute, Mississippi Code Annotated Section 43-21-101. Hicks claims his due process rights were violated because the transfer of the case occurred after he was eighteen. Hicks claims that no petition was ever filed with the youth court and argues that the youth court lacked jurisdiction to transfer the case to circuit court. Hicks also asserts that the youth court had lost jurisdiction because the transfer took place after he was eighteen. Hicks asks this Court to allow him to withdraw his guilty plea and void the conviction.
¶ 7. Hicks is correct in some of his factual assertions, but he is incorrect as to the application of law as it relates to his situation. The transcript of the guilty plea hearing sheds some light on his confusion. In the transcript, counsel for Hicks stated that Hicks was indicted in 1993. However, the prosecutor learned that Hicks had not been certified by the youth court and the indictments were dismissed. Thereafter, the youth court certified Hicks to be an adult to stand trial for the sale of cocaine.
*1240 ¶ 8. There are two applicable statutes. First, Mississippi Code Annotated Section 43-21-151(2) (Rev.2000) provides that “^jurisdiction of the child in the cause shall attach at the time of the offense and shall continue thereafter for that offense until the end of the child’s twentieth birthday, unless sooner terminated by order of the youth court.” The youth court, therefore, acquires jurisdiction over a child who commits an offense before his eighteenth birthday and does not lose jurisdiction until the child’s twentieth birthday. Second, Mississippi Code Annotated Section 43-21-157(1) (Rev.2000) allows the youth court to transfer a case to circuit court.
¶ 9. The order entered in this matter fully complied with the statutes. The youth court found that jurisdiction existed; that the minor, his mother and counsel for the minor were present during the transfer hearing; that the minor child with the assistance of counsel, waived a determination of probable cause; the court did make a finding of probable cause that the minor committed the alleged offenses; and after considering Mississippi Code Annotated Section 43-21-157(a) through (k), the court found that no reasonable prospects of rehabilitation existed within the juvenile system. Accordingly, Hicks’s claim that the youth court did not have the necessary jurisdiction to transfer ‘the case to circuit court is without merit.

II. Whether Hicks’s probation was unlawfully revoked.

¶ 10. Hicks next alleges that his probation was unlawfully revoked. Hicks claims that he was not informed of his right to have counsel present during the revocation hearing and that he was not provided a preliminary and final revocation hearing.
¶ 11. The record shows that Hicks signed a waiver of his right to a waiting period for his revocation hearing and a waiver of his right to a preliminary revocation hearing. Hicks was given notice of his right to hire an attorney at the revocation hearing. He was also informed that, because he was not charged with a new felony, an attorney would not be appointed to represent him. Hicks specifically informed the court that he wanted to represent himself. Hicks’s claim that his probation was unlawfully revoked is without merit.

III. Whether Hicks was denied effective assistance of counsel.

¶ 12. Finally, Hicks alleges that his attorney was ineffective because his attorney did not contest the transfer of the cases to the circuit court. Hicks asserts that his attorney should have known that the youth court did not have the authority to transfer the cases to circuit court after he turned eighteen. Hicks claims that, had his attorney contested the transfer, there is a reasonable probability that he would not have pled guilty and all charges would have been remanded to the youth court and dismissed.
¶ 13. Hicks misconstrues the law. As previously discussed, once the youth court had jurisdiction, it did not lose jurisdiction of Hicks after he turned eighteen. The youth court retained jurisdiction until Hicks reached the age of twenty. Therefore, Hicks’s assertion that his counsel was ineffective for failing to challenge the transfer is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO CLARKE COUNTY.
McMILLIN, C.J., AND SOUTHWTCK, P.J., BRIDGES, THOMAS, LEE, *1241 IRVING, MYERS AND CHANDLER, JJ., CONCUR. KING, P.J., CONCURS IN RESULT ONLY.